FILED

MAR 11 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUSAN KASSEBAUM, | No. 10-35460 |
| Plaintiff - Appellant, | D.C. No. 6:08-cv-00433-HO |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Submitted March 9, 2011[**]
Portland, Oregon

Before: D.W. NELSON, THOMAS, and GRABER, Circuit Judges.

Susan Kassebaum appeals from the district court's order affirming the

decision of the Commissioner of the Social Security Administration

("Commissioner") denying her claim for Social Security disability insurance under

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Title II of the Social Security Act. Reviewing the district court's order *de novo* and the Commissioner's decision for substantial evidence, *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009), we affirm in part, reverse in part, and remand. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

Substantial evidence supports the administrative law judge's ("ALJ") determination that Kassebaum's testimony was not fully credible. The ALJ noted inconsistencies between Kassebaum's account of her mental and physical impairments and her activities. Inconsistencies in a claimant's testimony, or between a claimant's testimony and other evidence in the record, can support an ALJ's decision not to credit fully that testimony. *See Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001). "[T]he ALJ's interpretation of [Kassebaum's] testimony may not be the only reasonable one. But it is still a reasonable interpretation and is supported by substantial evidence; thus, it is not our role to second-guess it." *Id.*

Where the ALJ rejected lay testimony, he gave "reasons germane to each witness for doing so" and therefore did not err. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

## II

The ALJ did not err in rejecting certain opinions put forward by examining psychologist Dr. Shelly Getzlaf. In fact, most of the ALJ's determinations accord with Dr. Getzlaf's findings. Dr. Getzlaf's evaluation revealed that certain of Kassebaum's test results were "not considered in the impaired range" and otherwise that she had only a fair ability to interact with the general public and to deal with detailed instructions. The ALJ's ultimate conclusion was that Kassebaum was limited to performing simple, routine work, requiring limited interaction with the public. That conclusion is not directly at odds with most aspects of Dr. Getzlaf's evaluation.

The Commissioner concedes, and we agree, that it was improper for the ALJ to reject certain of Dr. Getzlaf's findings because the ALJ did not recognize the tests Dr. Getzlaf used for ADHD. However, substantial evidence supported the ALJ's finding that Kassebaum's ADHD was not severe—for example, the fact that Dr. Getzlaf only noted that she probably had ADHD.

Finally, much of Dr. Getzlaf's report is based on Kassebaum's own representations. To the extent that Dr. Getzlaf's "opinion of disability [is] 'premised . . . upon the [Kassebaum's] own accounts of [her] symptoms and limitations,'" it may be "disregarded where those complaints have been 'properly

3

discounted.'" *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

## III

Substantial evidence supports the ALJ's findings regarding Kassebaum's shoulder impairment and COPD. The ALJ properly took Kassebaum's shoulder impairment into account in finding that she was capable of working as a Laundry Worker or Kitchen Helper. Specifically, the ALJ elicited testimony from the vocational expert confirming that such jobs do not require "more than occasional overhead reaching . . . [w]ith the right dominant arm." And Kassebaum did not cite any evidence that her COPD significantly impaired her ability to work. In fact, Dr. Colistro stated that deficiencies in concentration and persistence, "by [Kassebaum's] telling, were the primary reasons she ceased driving."

## IV

Substantial evidence supports the ALJ's conclusion at Step Two that Kassebaum's sleep apnea, carpal tunnel syndrome, and back pain syndrome were not severe impairments. At Step Two, an impairment is severe if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521(a). Regarding Kassebaum's sleep apnea, the ALJ's finding that it only

4

occurred when she slept on her back is sufficient for a determination that it does not significantly limit her ability to perform basic work tasks. As to her back pain, the only "objective medical evidence" Kassebaum cites is an x-ray showing an "old" thoracic fracture. Otherwise, her allegations regard "symptoms" and not "signs." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citing SSR 96-4p, 1996 WL 374187 (July 2, 1996)). Finally, as to her carpal tunnel syndrome, substantial, medical evidence in the record shows that the surgery to remove ganglions on Kassebaum's wrists was successful, at least as much as necessary to ensure that the ailment was not so severe as to interfere significantly with Kassebaum's ability to work.

## V

Substantial evidence does not support the ALJ's rejection of opinions put forward by examining psychologist Dr. Frank Colistro and by treating physician Dr. Sadie Arrington. The ALJ stated two reasons for rejecting Dr. Colistro's opinion; neither are "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotation marks omitted). First, it was Dr. Jendritza's concurrent diagnosis that Kassebaum's depression was in "full remission" that is out-of-step with the overwhelming medical evidence in the record. Furthermore, that diagnosis was seemingly made based only on Kassebaum's own

5

representations, and regardless Dr. Jendritza later amended it to state "partial remission." Second, the ALJ's reliance on Dr. Colistro's description of Kassebaum's avid engagement in Alcoholics Anonymous is misplaced where Dr. Colistro's report also stated that, "other than attending AA meetings and other functions, [Kassebaum] is a virtual social isolate. She experiences moderate restrictions of daily living in that, particularly when her panic disorder is most intense, the only safe place she perceives is her home."

The ALJ's reasons for rejecting the extensive opinions of Dr. Arrington are equally unpersuasive. "The weight accorded a treating physician's opinion depends on the length of the treatment relationship, the frequency of visits, and the nature and extent of treatment received." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1199 (9th Cir. 2004) (Graber, J., dissenting) (citing 20 C.F.R. § 404.1527(d)(2)(i), (ii)). "'A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record.'" *Id.* (Graber, J., dissenting) (quoting *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001)). The ALJ did not provide "clear and convincing" reasons for rejecting the reports of Dr. Arrington, Kassebaum's treating physician

since June 2000 who provided sustained and substantial accounts of Kassebaum's mental illness.

The ALJ first questioned Dr. Arrington's findings because Dr. Arrington noted that Kassebaum "had not been diagnosed with depression and anxiety disorder 'until April 2004,' almost 7-months after her alleged disability onset date." However, that isolated statement is insignificant in the context of the extensive record, and was perhaps made in error: Dr. Arrington's case notes report that Kassebaum sought care for depression in October 2003, and her notes from an October 22, 2003, visit—less than a month after Kassebaum's alleged onset date—state, "Diagnosis: DEPRESSION."

Second, the ALJ rejected Dr. Arrington's findings because, in 2004 after Kassebaum had not been working for "almost a year," Dr. Arrington noted that Kassebaum's "'very severe' depression and anxiety 'limits her ability to concentrate on the functions of *her job*.'" That Dr. Arrington twice spoke of Kassebaum as having a job a year after Kassebaum went on disability is not a proper basis for refuting all of Dr. Arrington's opinions. Elsewhere, Dr. Arrington described Kassebaum's condition more accurately: "HER DEPRESSION AND ANXIETY ARE STILL HER LIMITING FACTORS AND NOT ABLE TO RETURN TO WORK. . . . Diagnosis: DEPRESSION 311, ANXIETY 300.00."

7

Finally, the ALJ rejected Dr. Arrington's opinions because Dr. Arrington once wrote Kassebaum's insurer asking it to cover breast enhancement surgery, to aid Kassebaum's self-image. This is not a relevant, much less a "clear and convincing," reason for rejecting the medical opinions of Kassebaum's long-time treating physician. Furthermore, contrary to the Commissioner's representations, Dr. Arrington's findings were not "brief, conclusory, or unsupported by the record as a whole." Rather, they constitute a significant percentage *of* the record, and consistently speak to Kassebaum's significant mental illnesses and their impairing effects. The ALJ's decision to discard Dr. Arrington's diagnoses is not supported by substantial evidence.

## VI

Because the ALJ did not properly credit substantial evidence of Kassebaum's mental impairments, he did not meet his burden at Step 5 of showing that Kassebaum was able to perform other work existing in the national economy. This matter is remanded to the district court, with instructions to remand to the agency for a proper determination, based on the extensive medical evidence in the record, including that put forward by Drs. Colistro and Arrington, of how Kassebaum's mental health affects her ability to work.

8

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**COSTS ON APPEAL AWARDED TO THE PLAINTIFF-APPELLANT.**